UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, et al., | Case No. 14-CV-4917 (DWF/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| BERRY A. WILLIS, | |
| Defendant. | |

In 2013, John Gregory Hanson filed an application for a harassment restraining order ("HRO") against defendant Berry A. Willis in Minnesota state court. *See Hanson v. Willis*, No. 27-cv-13-15870 (Minn. Dist. Ct. filed Aug. 30, 2013). Willis attempted to remove those proceedings to federal court. *See Hanson v. Willis*, No. 13-CV-2663 (ADM/JSM) (D. Minn. filed Sept. 27, 2013). Because Willis had attempted to remove litigation that could not have been initiated in federal court, the notice of removal was vacated, and the matter was remanded to state court. *See id*. Willis appealed the judgment in that matter, and the Eighth Circuit summarily affirmed.

After judgment had been entered in that case, but before the appeal had concluded, Willis again attempted to remove the state HRO proceedings to federal court. *See Hanson v. Willis*, No. 14-CV-0086 (JNE/FLN) (D. Minn. Jan. 9, 2014). Again, the notice of removal was vacated. *See id*. Willis did not appeal the judgment in that matter.

This matter is before the Court on yet another notice of removal filed by Willis.[1]  Once again, Willis is attempting to remove the state HRO proceedings.  *See* Notice of Removal at 1 [ECF No. 1] (identifying removed case as "Minnesota District Court: File Number 27-CV-13-15870").  Two judges in this District have already determined that Willis may not remove these proceedings.  The Eighth Circuit has affirmed one of those judgments, and no appeal was sought from the second.  Moreover, neither the governing law nor the underlying facts have changed since Willis's two previous attempts to remove those proceedings.  The most recent notice of removal is no more effectual that the previous two, and this Court recommends that it be vacated.

The notice of removal at issue in this matter does differ in one respect from the previous notices filed by Willis:  The State of Minnesota has initiated criminal proceedings against Willis on charges of aggravated forgery and theft by swindle, *see* ECF No. 6-1 at 16 (criminal complaint), and Willis is attempting to remove these criminal proceedings along with the civil case, *see* Notice of Removal at 1 (identifying criminal case in caption of notice).  This Court need not belabor why Willis's attempt to remove the criminal proceedings is ineffective.  For one thing, the notice of removal was filed too late.  Under 28 U.S.C. § 1455(b)(1),"[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ."  The trial docket for

---

[1] One week after filing his notice of removal, Willis filed a notice of appeal to the Eighth Circuit.  *See* ECF No. 8.  No judgment or final order has been entered in this case, and thus there is nothing for Willis yet to appeal.  Because Willis's notice of appeal was premature, it has no effect.  *See FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014).  Similarly, Willis's application for *in forma pauperis* status on appeal is also premature, and this Court recommends that the application be denied without prejudice.

Willis's criminal case indicates that Willis's first appearance occurred on April 4, 2014, and that his trial concluded on November 6, 2014.  An exception to this time limitation exists where the party seeking removal can show "good cause" for the delay, *id*., but Willis has shown no such good cause.

But even if Willis had filed his notice of removal on time, this Court would still recommend that this matter be remanded to state court.  Willis attempts to remove the criminal proceedings pursuant to 28 U.S.C. § 1443.[2]  Under that provision,

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Neither situation applies here.  First, "[r]emoval jurisdiction under § 1443(1) is very narrow . . . ." *Minnesota v. Yzaguirre*, No. 12-CR-0245 (PJS), 2012 WL 4898388, at *1 (D. Minn. Oct. 16, 2012).  That provision requires, among other things, that "it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot

---

[2]Willis also purports to invoke "United States Code 18 Sections §§ 151-158" and "Chapter 9 of the United States Bankruptcy Codes" in his attempt to remove this litigation.  *See* Notice of Removal ¶ 8.  Willis has not explained how these provisions have any relevance to this action, and the Court can discern no such reason.

enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). Willis has not cited any provision of Minnesota law which has prevented him from enforcing his federal rights in state court, and there is no basis presented in the notice of removal for believing that Willis would be unable to protect his federal rights in state court. Willis therefore cannot remove the criminal proceedings under § 1443(1).

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). There is no indication from the notice of removal that Willis is a federal officer or agent, or that Willis was executing duties under federal law providing for equal civil rights. Willis therefore cannot remove the criminal proceedings under § 1443(2), either.

In short: Willis can remove neither the state HRO proceedings nor the state criminal proceedings. Accordingly, this Court recommends that the notice of removal filed in this action be vacated, and that this matter be remanded to state court.

Finally, this Court notes that Willis was given the following warning before his second notice of removal was vacated:

> *Pro se* litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to pursue frivolous, malicious or abusive proceedings. Frivolous, bad faith claims consume a significant amount of

> judicial resources, diverting the time and energy of the judiciary
> away from processing good faith claims.  Such excessive litigation
> imposes unnecessary burdens on, and the useless consumption of,
> court resources.  A federal court has authority to control and
> manage matters pending before it and may, in its discretion, place
> reasonable restrictions on any litigant who files non-meritorious
> actions for obviously malicious purposes and who generally abuses
> judicial process.
>
> In light of [Willis's] deplorable litigation record, it may
> soon become necessary to impose restrictions on his ability to
> pursue further proceedings in this District.  Although this Court
> will not recommend that such restrictions be imposed at this time,
> Respondent is now forewarned that if he initiates any more
> improper proceedings in the future, he may lose his right of
> unfettered access to the federal court.  If Respondent files any
> further pleading, motion, notice, or other paper that is plainly
> meritless, he may added to the Court's roster of "restricted filers,"
> and he may be prohibited from filing anything further in this
> District without pre-authorization from a judge.

*Hanson v. Willis*, No. 14-CV-0086 (JNE/FLN), 2014 WL 1117531, at *2-3 (D. Minn. Mar. 20, 2014) (quotations and citations omitted).  The Court's previous warning appears to have had no effect in deterring Willis from filing further frivolous notices of removal.  This is now strike three.

This Court believes that it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Willis.  Further, this Court believes that Willis is attempting to delay and impede ongoing state-court proceedings by frivolously attempting to remove those proceedings to federal court.  Accordingly, this Court recommends that Willis be restricted from attempting to remove any state proceedings to federal court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court.  Such a restriction will not preclude Willis from pursuing meritorious claims for relief; it will only prevent him from filing further frivolous and repetitive pleadings.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Defendant Berry A. Willis's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

2. Willis's application to proceed *in forma pauperis* on appeal [ECF No. 10] be DENIED WITHOUT PREJUDICE as premature.

3. Willis's notice of removal [ECF No. 1] be VACATED.

4. This action be REMANDED to Minnesota District Court, Fourth Judicial District.

5. Willis be restricted from removing any state proceedings to federal court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court.

Dated: December __15, 2014         s/Jeffrey J. Keyes_____
                                   Jeffrey J. Keyes
                                   United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 29, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.